```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

PEDRO RAMOS,

               Plaintiff,

vs.                                Case No.   2:04-cv-526-FtM-99SPC

JANETT PHILLIPS, ANDREA MCCANDLESS,
SHERIFF DON HUNTER, NAPLES COUNTY
JAIL CENTER and CHIEF GREG SMITH,

               Defendants.

_____

### OPINION AND ORDER

     This matter comes before the Court on defendant Naples County Jail Center's Motion to Dismiss (Doc. #37) and defendant Greg Smith's Motion to Dismiss (Doc. #38), both filed on August 30, 2006.  No responses have been filed and the time to do so has now expired.  Defendant Naples County Jail argues that it is not an entity capable of suit and should be dismissed.  Defendant Greg Smith argues that no allegations have been made against him in the Amended Complaint.  The Court finds that the motions are due to be granted.

**I.**

     In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears

beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.  Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

The Amended Complaint (Doc. #13) names Janette Phillips, Andrea McCandless, Don Hunter as Sheriff, Naples County Jail

Center, and Greg Smith as Chief of Police. Taking all allegations as true at this stage of the proceedings, plaintiff alleges that Ms. Phillips and Ms. McCandless conspired to slander plaintiff by falsely alleging that he fathered a baby with a minor. Plaintiff further alleges that these two individuals went out of their way to make the allegations public and that the newspaper "picked up the story." Plaintiff states, as a result, he lost his job, and was embarrassed in the community and with his family. Plaintiff alleges that he was illegally arrested and denied due process and equal protection under the law when the Sheriff's Office refused to accept his offer to take a polygraph and DNA test to clear the matter thereby keeping him falsely imprisoned. Plaintiff states that he has served 8 months of a 240 month sentence. Plaintiff seeks 3.7 million dollars in damages for emotional distress, mental anguish, and loss of reputation.

**A.**

Plaintiff names the Naples County Jail, however, there are no specific factual allegations as to the jai. Irregardless, a jail is not an entity capable of being sued. Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(citations omitted). Rather, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the

individual who holds the office responsible for the individual's alleged wrong doing. Here, the proper party would be the Sheriff of Collier County, Art. VIII, § 1(d), Fla. Const. (The Sheriff is the constitutional officer elected by the people), and plaintiff has named Don Hunter, as Sheriff. Therefore, the jail will be dismissed as a party-defendant.

**B.**

A review of the Amended Complaint reflects no allegations against Greg Smith. Therefore, this defendant will be dismissed without prejudice for failure to state a claim.

**C.**

Defendants Don Hunter and Andrea McCandless have both filed Answers and Affirmative Defenses (Docs. #30, #31) to the Amended Complaint. Defendant Phillips has not yet been served with the Amended Complaint. Upon a *sua sponte* review of the Amended Complaint and the Answers, it is apparent that the allegations are insufficient as stated.

The Amended Complaint, filed as a civil rights action pursuant to 42 U.S.C. § 1983, fails to allege who Phillips and McCandless are or whether they acted under the color of law. Additionally, plaintiff does not indicate whether the criminal case for which he was arrested is still pending or whether the criminal proceedings for a lewd and lascivious act on a minor have been dismissed. The

Court notes that plaintiff is currently incarcerated for unrelated charges.

The pleadings of a *pro se* litigant, that is unrepresented individual, are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002). This however does not relieve plaintiff from the obligations imposed by the Federal Rules of Civil Procedure or the Middle District of Florida Local Rules.

The Court finds that plaintiff has failed to comply with Fed. R. Civ. P. 8 by failing to provide a short, plain statement sufficient to provide notice to defendants as to his claims.[1] As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a pro se party. The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing a Second Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and

---

[1] "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

using distinct, numbered paragraphs. The document should be entitled "Second Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations. Further, in the body of the Second Amended Complaint Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Second Amended Complaint.

Accordingly, it is now

**ORDERED**:

1. Defendant Naples County Jail Center's Motion to Dismiss (Doc. #37) is **GRANTED** and the Naples County Jail Center is **dismissed with prejudice**. The Clerk shall enter judgment accordingly and terminate the jail as a defendant on the docket.

2. Defendant Greg Smith's Motion to Dismiss (Doc. #38) is **GRANTED** and defendant Greg Smith is **dismissed without prejudice** for failure to state a claim.

3. Plaintiff shall file an Second Amended Complaint within **TWENTY (20) DAYS** in compliance with the instructions in this Opinion and Order. **The failure to file a Second Amended Complaint within the time allotted may result in a dismissal of this case without prejudice and without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this 9th day of October, 2006.

 /s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Parties of record